UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

EDDIE HOLLEY,
Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. MOHAMMAD ABDELFATTAH [TAX REG. #965915], P.O. STEVEN R. GUERRERO [TAX REG. #966089], SERGEANT ALEX RAMOS [TAX REG. #947941], DETECTIVE JORGE R. RAMOS [TAX REG. #964719], P.O. ANDREA NIEVESSANTIAGO [TAX REG. #966739], P.O. ORLANDO ADORNO [TAX REG. #962200], P.O. JONATHAN A. PESSOA [TAX REG. #972172], SERGEANT JEFFREY DESHOMMES [TAX REG. #953816], SERGEANT MICHELLE M. GIGLIO [TAX REG. #954862], LIEUTENANT JAMES V. HART [TAX REG. #947065], P.O. SANDRA J. MELENDEZ [TAX REG. #939801], P.O. ISAAC D. QUARSHIE [TAX REG. #968075], SERGEANT THOMAS J. MARFOGLIO [TAX REG. #951966], DETECTIVE BRIAN M. DOYLE [TAX REG. #954752], SERGEANT FRANCISCO R. RIVERA [TAX REG. #955387], and JOHN DOE AND JANE DOE (the names John and Jane Doe being fictitious, as the true names are presently unknown),
Defendants.

----------------------------------------------------------------------X

Case No. 25 CV 2883 (NGG) (JAM)

**AMENDED COMPLAINT**

JURY DEMAND

Plaintiff, EDDIE HOLLEY, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Mohammad Abdelfattah [Tax Reg. #965915], P.O. Steven R. Guerrero [Tax Reg. #966089], Sergeant Alex Ramos [Tax Reg. #947941], Detective Jorge R. Ramos [Tax Reg. #964719], P.O. Andrea Nievessantiago [Tax Reg. #966739], P.O. Orlando Adorno [Tax reg. #962200], P.O. Jonathan A. Pessoa [Tax Reg. #972172], Sergeant Jeffrey Deshommes [Tax Reg. #953816], Sergeant Michelle M. Giglio [Tax Reg. #954862], Lieutenant James V. Hart [Tax Reg. #947065], P.O. Sandra J. Melendez [Tax Reg. #939801], P.O. Isaac D. Quarshie [Tax Reg. #968075], Sergeant Thomas J. Marfoglio [Tax Reg. #951966],

Detective Brian M. Doyle [Tax Reg. #954752], Sergeant Francisco R. Rivera [Tax Reg. #955387], and John Doe and Jane Doe (collectively, "Defendants"), respectfully alleges as follows:

NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4. Plaintiff timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5. At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused, and this action is timely commenced.

THE PARTIES

6. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

7. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

8. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

9. Defendant P.O. Mohammad Abdelfattah [Tax Reg. #965915] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

10. Defendant P.O. Steven R. Guerrero [Tax Reg. #966089] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

11. Defendant Sergeant Alex Ramos [Tax Reg. #947941] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

12. Defendant Detective Jorge R. Ramos [Tax Reg. #964719] was at all times material herein a police officer and/or detective employed by the NYPD. He is named here in his official and individual capacities.

13. Defendant P.O. Andrea Nievessantiago [Tax Reg. #966739] was at all times material herein a police officer employed by the NYPD. She is named here in her official and individual capacities.

14. Defendant P.O. Orlando Adorno [Tax reg. #962200] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

15. Defendant P.O. Jonathan A. Pessoa [Tax Reg. #972172] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

16. Defendant Sergeant Jeffrey Deshommes [Tax Reg. #953816] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

17. Defendant Sergeant Michelle M. Giglio [Tax Reg. #954862] was at all times material herein a sergeant employed by the NYPD. She is named here in her official and individual capacities.

18. Defendant Lieutenant James V. Hart [Tax Reg. #947065] was at all times material herein a lieutenant employed by the NYPD. He is named here in his official and individual capacities.

19. Defendant P.O. Sandra J. Melendez [Tax Reg. #939801] was at all times material herein a police officer employed by the NYPD. She is named here in her official and individual capacities.

20. Defendant P.O. Isaac D. Quarshie [Tax Reg. #968075] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

21. Defendant Sergeant Thomas J. Marfoglio [Tax Reg. #951966] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

22. Defendant Detective Brian M. Doyle [Tax Reg. #954752] was at all times material herein a police officer and/or detective employed by the NYPD. He is named here in his official and individual capacities.

23. Defendant Sergeant Francisco R. Rivera [Tax Reg. #955387] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

24. Defendants John Doe and Jane Doe were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

25. Defendants Abdelfattah, Guerrero, Alex Ramos, Jorge R. Ramos, Nievessantiago, Deshommes, and John Doe and Jane Doe are collectively referred to herein as “Abdelfattah defendants”.

26. Defendants Hart, Melendez, Quarshie, Marfoglio, and John Doe and Jane Doe are collectively referred to herein as “Hart defendants”.

27. Defendants Adorno, Pessoa, Giglio, Doyle, Rivera, and John Doe and Jane Doe are collectively referred to herein as “Adorno defendants”.

28. Abdelfattah defendants, Hart defendants, and Adorno defendants are collectively referred to herein as “defendant officers”.

29. At all times material to this Complaint, the defendant officers acted towards plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

The May 22, 2022, Incident

30. On May 22, 2022, at approximately 1:40 a.m., plaintiff was riding home on his Moped ("Moped") with his son, Deonte Holley, sitting in the back seat when Abdelfattah defendants saw them, recognized them from previous encounters, and immediately pursued them in a high-speed chase with their unmarked police vehicle within the vicinity of the Marcy Houses Complex located in Brooklyn, New York.

31. Immediately thereafter, Abdelfattah defendants came face to face with the plaintiff and Deonte while attempting to cut them off.

32. At that moment, and without any warning or notice, Abdelfattah defendants struck the Moped at or close to the rear of 55 Nostrand Avenue, Brooklyn, New York.

33. Plaintiff and Deonte were caught off guard.

34. Plaintiff and Deonte were thrown off the Moped due to the impact and were terrified and scared for their lives.

35. Deonte immediately got up and ran from the scene while Abdelfattah defendants continued to pursue him non-stop in their unmarked police vehicle.

36. Plaintiff suffered a concussion and sustained other serious injuries on various parts of his body.

37. The Moped was totaled and/or damaged beyond repair.

38. Plaintiff eventually managed to pick himself up and leave the scene on foot dazed and confused.

39. On May 22, 2022, Abdelfattah defendants falsely charged the plaintiff with N.Y. PL 140.00(1) 'Criminal mischief in the fourth degree', proceeded to issue an Investigation Card ("I-Card") for the plaintiff's arrest.

40. Upon information and belief, Abdelfattah defendants eventually impounded the Moped and appropriated it to themselves and have refused to release the Moped to the plaintiff.

The December 13, 2022, Incident

41. On December 13, 2022, plaintiff's ex-girlfriend, Chanel, called 911 and falsely claimed that the plaintiff was harassing her ("false complaint").

42. She had previously filed a similar false complaint against the plaintiff with the Hart defendants on September 3, 2022.

43. Shortly thereafter, on December 13, 2022, at approximately 2:30 p.m., Adorno defendants forcibly grabbed the plaintiff, tightly handcuffed him with his hands behind his back, and arrested the plaintiff at or close to the corner of Gates and Marcy Avenues, Brooklyn, New York, apparently in reliance upon the I-Card and the aforementioned false complaints.

44. Following his arrest, plaintiff was transported to NYPD-79th Precinct where he was detained for a lengthy period of time.

45. After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to Central Booking to await arraignment.

46. At some point following his arrest, defendant officers met with prosecutors employed by the Kings County District Attorney's Office.

47. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that the plaintiff intentionally damaged their police vehicle, and harassed Chanel and stole her apple wristwatch.

48. Relying upon the police records, reports and statements, the prosecutors initiated criminal actions against the plaintiff.

49. On or about December 14, 2022, the plaintiff was arraigned on criminal court complaints sworn to by defendant officers falsely charging the plaintiff with numerous crimes including, but not limited to, N.Y. PL 140.00(1) 'Criminal mischief in the fourth degree'.

50. On or about March 15, 2023, the false charge(s) levied against the plaintiff by Abdelfattah defendants was dismissed and sealed.

51. Upon information and belief, the false charges levied against the plaintiff by Hart defendants and Adorno defendants were eventually dismissed and sealed.

52. Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

53. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

54. As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

55. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 54 of this complaint as though fully set forth herein.

56. Defendant officers arrested the plaintiff without probable cause or reasonable grounds.

57. The conduct of defendant officers, as described herein, amounted to false arrest.

58. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

59. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

60. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 59 of this complaint as though fully set forth herein.

61. Defendant officers forwarded to the prosecutors their falsified records and statements.

62. Relying upon the records and statements, the prosecutors initiated criminal actions against the plaintiff.

63. Plaintiff was arraigned on a criminal court complaint sworn to by defendant officers falsely charging the plaintiff with crime(s).

64. Plaintiff was required to, and did, appear in court to defend himself from the false charge(s) levied against him with malice by defendants.

65. Because of the conduct of the defendants, plaintiff was maliciously prosecuted.

66. Eventually, the criminal proceedings terminated in plaintiff's favor.

67. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

68. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

69. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers

70. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 69 of this complaint as though fully set forth herein.

71. Defendant officers manufactured evidence of criminality against the plaintiff likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against the plaintiff.

72. In addition to other things, defendant officers falsely stated to the prosecutors that the plaintiff intentionally damaged their police vehicle.

73. The plaintiff was deprived of his liberty as a result.

74. The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

75. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

76. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>FOURTH CAUSE OF ACTION: UNLAWFUL STOP AND FRISK AND UNREASONABLE SEARCH & SEIZURE - against defendant officers</u>

77. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 76 of this complaint as though fully set forth herein.

78. Defendant officers unlawfully stopped and subjected the plaintiff to an illegal search of his person and property.

79. The conduct of defendant officers, as described herein, amounted to unlawful stop and frisk and unreasonable searches and seizures.

80. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

81. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>FIFTH CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers</u>

82. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 81 of this complaint as though fully set forth herein.

83. The conduct of defendant officers, as described herein, amounted to excessive use of force.

84. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

85. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: DENIAL OF RIGHT TO EQUAL PROTECTION - against defendant officers

86. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 85 of this complaint as though fully set forth herein.

87. Defendant officers routinely engage in racial profiling, and refused to conduct any investigations concerning the plaintiff's complaints simply because he is a member of a racial/ethnic minority group.

88. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

89. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

90. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 89 of this complaint as though fully set forth herein.

91. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

92. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

93. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

94. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

95. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 94 of this complaint as though fully set forth herein.

96. Defendant City, acting through NYPD, had actual and/or de facto policies, practices, customs and/or usages of using private information from sealed arrests to target and unlawfully stop, arrest and charge individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, as repeat offenders.

97. As was recently observed by Niji Jain, an attorney at the Bronx Defenders, "the NYPD has been using private information from sealed arrests in over a dozen of their interconnected surveillance databases" to target and unlawfully re-arrest and charge individuals who are members of racial/ethnic minority groups as repeat offenders. *See* CityLimits, NYPD Can No Longer Access Sealed Arrest Records Without Court Order, Judge Rules, https://citylimits.org/2021/09/28/nypd-can-no-longer-access-sealed-arrest-records-without-court-order-judge-rules/ (last visited May 22, 2025).

98. The NYPD's "unlawful use of these records has primarily harmed Black and brown New Yorkers who bear the brunt of the NYPD's over-policing of low-income communities of color." *See* CityLimits, Opinion: The NYPD's Abuse of Sealed Arrest Records Jeopardizes All New Yorkers, https://citylimits.org/2023/04/20/opinion-the-nypds-abuse-of-sealed-arrest-

records-jeopardizes-all-new-yorkers/#:~:text=%E2%80%9CLast%20month%2C%20a%20New%20York,for%20the%20past%2046%20years.%E2%80%9D (last visited May 22, 2025).

99. In a decision issued in *R. C. v. City of New York* (Index No. 153739/2018), concerning the plaintiffs' motion for preliminary injunction to, among other things, restrain and enjoin defendants from instructing NYPD personnel that they may access and use sealed arrest information without a court order and to require defendants to issue a FINEST training message stating that NYPD personnel may not access and use sealed arrest information without a court order, the court observed, among other things, that the "defendants freely admit that their prior training regarding the sealing of records was contrary to law" and that "the NYPD did not properly train [its police officers] as to the sealing statutes".

100. Relying upon City's policy and practices and the fact that it has failed to properly train defendant officers as to the sealing statutes, defendant officers targeted and unlawfully arrested the plaintiff and thereafter falsely charged him with multiple crimes as a repeat offender.

101. In addition, the City, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups, such as plaintiff, on the pretext that they were involved in crimes.

102. The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

103. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the court observed that defendant City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

104. In *Ligon v. City of New York*, 925 F. Supp. 2d 478 (S.D.N.Y. 2013), the court determined that defendant City, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

105. Notably, numerous civil rights complaints filed in this district and other courts have similarly alleged that many of the police officers involved in this case, including the defendant officers, routinely stop and frisk and manufacture evidence of criminality against individuals who are members of racial/ethnic minority groups, such as the plaintiff, in order to arrest and maliciously prosecute them. *See, e.g., Jon Lovera v. City of New York* (Index No. 155378/2024), *Richard Wise v. City of New York* (Case No. 23 CV 3314), *Indika Terry v. City of New York* (Index No. 534256/2022), *Ian Barnett-Baker v. City of New York* (Index No. 532973/2022), *Derrick Tinsley v. City of New York* (Index No. 527100/2022), *Tarari White v. City of New York* (Index No. 506682/2015).

106. Defendant City has settled numerous lawsuits in this district against several police officers assigned to the NYPD-79th Precinct alleging, among other things, that the police officers unlawfully stooped and frisked, falsely arrested, and maliciously prosecuted the plaintiffs without probable cause.

107. Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police routinely fabricate evidence, arrest innocent citizens without probable cause, and use excessive force in the arrest of innocent citizens.

108. As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiffs, incarcerated them, and abused and/or assaulted the plaintiffs.

109. Defendant City maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City acted with deliberate

indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

110. The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, the excessive use of force and the right to due process.

111. By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

NINTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants

112. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 111 of this complaint as though fully set forth herein.

113. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

114. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution,

and took numerous overt steps in furtherance of such conspiracy, as set forth above.

115. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

116. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

TENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

117. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 116 of this complaint as though fully set forth herein.

118. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

119. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

ELEVENTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

120. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 119 of this complaint as though fully set forth herein.

121. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

122. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

123. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 122 of this complaint as though fully set forth herein.

124. By reason of and as a consequence of the conduct of defendant officers, plaintiff sustained bodily injuries with the accompanying pain.

125. The conduct of the defendants, as described herein, amounted to assault and battery.

126. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

127. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 126 of this complaint as though fully set forth herein.

128. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

129. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

130. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: TORTS (REPLEVIN & CONVERSION) - against defendants

131. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 130 of this complaint as though fully set forth herein.

132. Defendant officers seized and/or appropriated to themselves several of plaintiff's properties including, but not limited to, the Moped.

133. Defendant officers did not provide the plaintiff with any voucher for his said properties.

134. Defendant officers did not issue or provide the plaintiff with any voucher specifying the properties seized from him with the constitutionally-required notice printed on the voucher describing how the plaintiff could reclaim the aforementioned properties.

135. Defendant officers did not otherwise notify the plaintiff of any procedure he could follow to reclaim or recover his properties, and have refused to return the aforesaid properties including, but not limited to, the Moped.

136. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: TORTS (NEW YORK CITY ADMINITRATIVE CODE §§ 8-802, 8-803) - against defendants

137. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 136 of this complaint as though fully set forth herein.

138. By reason of the foregoing, and by arresting, detaining and/or imprisoning plaintiff without probable cause or reasonable suspicion, subjecting the plaintiff and his properties to unreasonable searches and seizures, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities provided under N.Y.C. Admin. Code §§ 8-802 and 8-803.

139. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

140. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 139 of this complaint as though fully set forth herein.

141. Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

142. Upon information and belief, defendant City failed to properly screen, hire and/or retain the defendant officers.

143. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

144. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

145. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

146. Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a. For compensatory damages against all defendants in an amount to be proven at trial;

b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
December 19, 2025

UGO UZOH, P.C.

By: Ugochukwu Uzoh

Ugochukwu Uzoh
Attorney for the Plaintiff
56 Willoughby Street, Third Floor
Brooklyn, N.Y. 11201
Tel. No: (718) 874-6045
Fax No: (718) 576-2685
Email: u.ugochukwu@yahoo.com